UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM HERBST, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 4:13-CV-2327 CAS |
| v. | ) | |
| | ) | |
| RESSLER & ASSOCIATES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff William Herbst's Motion to Dismiss Defendant's Counterclaims and Motion to Strike Defendant's Affirmative Defenses. Defendant Ressler & Associates, Inc. ("Ressler") opposes the motion and it is fully briefed and ready for decision. For the following reasons, the Court will (1) grant plaintiff's motion to dismiss Ressler's counterclaims, in part for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, and in part for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed. R. Civ. P.; and (2) grant in part and deny in part plaintiff's motion to strike Ressler's affirmative defenses.

**I. Background**

The complaint alleges as follows: Ressler sells and services engineered process equipment for municipal and industrial water and wastewater treatment. Ressler employed plaintiff as a Field Service Technician. Plaintiff was responsible for servicing equipment manufactured or offered by manufacturers that Ressler represented. Plaintiff's primary duty was to perform manual labor that consisted of installing, repairing and troubleshooting engineered process equipment, such as filters, gauges and pumps, at municipal and industrial water and wastewater treatment plants.

Plaintiff filed this action on November 19, 2013, asserting a claim for violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219, and a supplemental state law claim for violation of Missouri's Minimum Wage Law, Mo. Rev. Stat. §§ 290.500-.580 (2000). Plaintiff seeks damages for unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs. Ressler filed its answer and affirmative defenses (Doc. 8), and also filed counterclaims for fraud and malicious prosecution (Doc. 9).

The fraud counterclaim alleges that plaintiff concealed material facts and made false representations in seeking and accepting employment with Ressler, and in continuing his employment, as follows:

    a. Plaintiff intentionally concealed his criminal record.

    b. Plaintiff intentionally concealed the fact that he was a convicted felon.

    c. Plaintiff intentionally concealed his prison record.

    d. Plaintiff intentionally concealed the fact that he was on parole or probation from imprisonment at the time of his employment application.

    e. Plaintiff intentionally concealed the fact that he was described by the Jefferson County, Missouri court system as an "aggravated offender."

    f. Plaintiff intentionally concealed his injury and physical disability occurring prior to his employment with Defendant so as to later claim the same injury and physical disability arose out of the course and scope of his employment with Defendant.

    g. With knowledge that he was required to operate a motor vehicle as an essential element of his employment, Plaintiff intentionally concealed his history of charges and convictions of driving while intoxicated or driving under the influence of alcohol.

    h. Plaintiff concealed the fact that he spent considerable time on his personal affairs while purporting to be acting on behalf of Defendant during regular business hours.

    i. Plaintiff concealed the fact that he falsified his expense reimbursement reports so as to obtain payment from Defendant fraudulently on account of his personal expenses in addition to business related expenses.

j. Plaintiff falsified his work schedule and time expended on Defendant's behalf.

k. Plaintiff falsified his records of hours expended and falsified the time he actually spent each day in the service of Defendant.

Counterclaim at 2 (Doc. 9).

Plaintiff moves to dismiss Ressler's counterclaims pursuant to Rules 12(b)(1), 9(b) and 12(b)(6), Fed. R. Civ. P. Plaintiff argues that (1) the Court lacks subject matter jurisdiction over these permissive counterclaims as there is no supplemental jurisdiction over them; (2) Ressler fails to plead its fraud counterclaim with the particularity required by Rule 9(b), and (3) in the alternative, Ressler's counterclaims fail to state a claim upon which relief can be granted.

## II. Discussion

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Plaintiff's motion to dismiss first asserts that the Court lacks subject matter jurisdiction over Ressler's counterclaims. "[J]urisdiction is a threshold question and must be answered before all other questions." Ginters v. Frazier, 614 F.3d 822, 826 (8th Cir. 2010).

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the [counterclaim] must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citation omitted)). Under a facial challenge to jurisdiction, a court restricts itself to the face of the pleadings, Osborn, 918 F.2d at 729, n.6, and all of the factual allegations concerning jurisdiction in the [counterclaim] are presumed to be true, while under a factual challenge no presumptive truthfulness attaches. See Titus, 4 F.3d at 593 & n.1. The motion asserting a facial challenge will be successful if the [defendant] fails to allege an element necessary for subject matter jurisdiction. Id. Here, plaintiff makes a facial challenge to Ressler's

counterclaims. Accordingly, for purposes of this motion, all of Ressler's factual allegations are accepted as true.

Ressler's Counterclaim does not assert a basis of jurisdiction independent of the federal question jurisdiction that supports plaintiff's main FLSA claim.[1] Ressler admits in its opposition memorandum that its counterclaims are permissive rather than compulsory, as they do not directly arise from plaintiff's wage and hour claims. Def.'s Mem. Opp. at 2; see Rule 13(a)(1), Fed. R. Civ. P. (counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim"). Plaintiff argues that supplemental jurisdiction does not exist over the permissive counterclaims because they are not sufficiently related to plaintiff's FLSA claim to "form part of the same case or controversy" under 28 U.S.C. § 1367(a).

Section 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." The Eighth Circuit has stated that "to establish supplemental jurisdiction, the claims within the action must derive from a common nucleus of operative fact." Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation, 495 F.3d 1017, 1024 (8th Cir. 2007) (internal punctuation, brackets and quoted case omitted). "A plaintiff's claims derive from a common nucleus of operative fact if the 'claims are such that he would ordinarily be expected to try them all in one

---

[1]Ressler's Counterclaim fails to comply with Rule 8(a)(1), Fed. R. Civ. P., because it does not contain a "short and plain statement of the grounds for the court's jurisdiction," and would be subject to dismissal on that basis. See Lawrence & Assocs., Inc. v. Amdocs Champaign, Inc., 2007 WL 390732, at *3 (E.D. Mo. Jan. 31, 2007) (defendant failed to establish subject matter jurisdiction over its counterclaims in FLSA case, where it did not "affirmatively and distinctly" assert federal question jurisdiction). Further, diversity jurisdiction is not present in the instant case, as the pleadings indicate both plaintiff and Ressler are citizens of Missouri.

4

judicial proceeding.'" OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 350 (8th Cir. 2007) (quoted case omitted). The Court will consider the counterclaims separately.

*1. Fraud Counterclaim*

Plaintiff argues that supplemental jurisdiction does not exist over Ressler's fraud counterclaim because it does not share a common nucleus of operative fact with the FLSA claim, and that the only common factual basis of the claims is the employer-employee relationship, which is insufficient to establish supplemental jurisdiction. Plaintiff states that his FLSA overtime claim concerns whether Ressler failed to pay him overtime pay, and that relevant evidence concerns whether plaintiff is a non-exempt employee, his duties, how he was compensated, hours of work and rate of pay. In contrast, plaintiff asserts that the fraud counterclaim is based in state tort law and involves issues of whether plaintiff intentionally concealed or misrepresented information about his personal history, a physical disability, and his business expenses; whether plaintiff had a duty to disclose this information; whether Ressler reasonably relied on the statements or omissions; and whether Ressler was damaged.

Whether plaintiff was properly classified as exempt, and the other issues asserted by plaintiff as relevant, are not the only issues in the FLSA claim. This claim also require resolving whether plaintiff in fact worked overtime hours for which he was not compensated. Several allegations in the fraud counterclaim are relevant to that issue, as follows:

> h. Plaintiff concealed the fact that he spent considerable time on his personal affairs while purporting to be acting on behalf of Defendant during regular business hours.
>
> i. Plaintiff concealed the fact that he falsified his expense reimbursement reports so as to obtain payment from Defendant fraudulently on account of his personal expenses in addition to business related expenses.
>
> j. Plaintiff falsified his work schedule and time expended on Defendant's behalf.

5

> k. Plaintiff falsified his records of hours expended and falsified the time he actually spent each day in the service of Defendant.

Counterclaim at 2.

Courts have held that supplemental jurisdiction existed over similar counterclaims in FLSA overtime cases. In Rogers v. Harper Vehicles, LLC, 2006 WL 2708322, at *1 (E.D. Tenn. Sept. 19, 2006), the court considered whether supplemental jurisdiction existed over the defendant's counterclaim that the plaintiff was "'padding' her time and falsifying her time records which resulted in her being paid for time that she did not actually work." Id. The court concluded the FLSA claims and the counterclaims shared a common nucleus of operative fact and supplemental jurisdiction existed because the plaintiff's overtime claims and the defendant's fraud claims "involve the question of how much money defendant should have paid plaintiff for her services" and would require the same evidence, consisting of the plaintiff's payroll records, changes made to the records, weekly payments made to the plaintiff, and any overpayments she made to herself. Id.

In Lombardi v. City of Cornersville, Tenn., 2007 WL 190324 (M.D. Tenn. Jan. 22. 2007), the court concluded it had supplemental jurisdiction over the defendant's counterclaim that plaintiff wrongfully appropriated "funds, bonuses and wages to which he was not entitled" because the counterclaim asserted that the plaintiff "received *more* payments than those to which he was entitled" as an employee of the defendant, while plaintiff claimed he "received *too little* payment." Id. at **1-2. Also, in Ahle v. Veracity Research Co., 641 F.Supp.2d 857, 863 (D. Minn. July 28, 2009), the court held that supplemental jurisdiction existed over counterclaims for breach of the duty of loyalty and honesty, forfeiture or disgorgement, and intentional or negligent misrepresentation, where the defendant alleged that the plaintiffs falsified time and mileage reports and failed to perform required duties while being compensated by the defendant. The court found the

counterclaims were "closely intertwined with the FLSA overtime claims, involving similar factual and legal questions regarding time worked and entitlement to compensation," id., and the evidence relevant to the FLSA claims – time records and payroll records – was also relevant to the counterclaims. Id.

Here, plaintiff's FLSA claim is that he worked overtime for Ressler, but that Ressler did not properly compensate him. To determine whether plaintiff is entitled to recover overtime wages, and to calculate the total value of his claim, the number of hours plaintiff worked for Ressler must be established. See Ahle, 641 F.Supp.2d at 863 (quoting Zambrana v. Geminis Envios Corp., 2008 WL 2397624, at *3 (S.D. Fla. June 10, 2008)). To the extent Ressler's fraud counterclaim alleges that it is entitled to recover compensation it paid to plaintiff for time he claimed he was working for Ressler but actually was not, the counterclaim raises similar factual and legal issues to the FLSA claim as both require a determination whether plaintiff actually worked when he claimed to have worked, and what he was paid. Ressler's counterclaim based on alleged falsification of expense reports similarly involves plaintiff's compensation. The Court concludes that these specific aspects of the fraud counterclaim share a common nucleus of operative fact with the FLSA claim and as a result supplemental jurisdiction exists over them.[2]

---

[2]The primary case on which plaintiff relies, Morris v. Blue Sky Mgmt., LLC, 2012 WL 527936 (W.D. Mo. Feb. 16, 2012), is factually distinguishable from the instant case and therefore is not persuasive. In Morris, the plaintiff's FLSA claims were based on defendant's alleged practice of requiring hourly employees to perform "off the clock" work before and after their shifts and during their meal periods. Id. at *1. This claim would focus on the number of hours worked and whether the plaintiff was properly paid. Id. at *3. The defendant's counterclaims were based primarily on a contract between the parties under which defendant agreed to pay for plaintiff's university tuition and plaintiff agreed to repay the cost if she was not employed by defendant for at least one year. Id. at *1. The counterclaims would require investigation into the contract and whether plaintiff breached it. Id. at *3. The court concluded that because the counterclaims were based primarily on the contract and plaintiff's FLSA claims were based on overtime policies, they did not derive from a common nucleus of operative fact, and therefore supplemental jurisdiction

The other allegations of the fraud counterclaim, however, concerning plaintiff's alleged failure to disclosure facts to Ressler concerning his personal background and physical condition, do not share a common nucleus of operative fact with plaintiff's FLSA claim. These claims do not have any factual commonality with plaintiff's FLSA claim apart from the employer-employee relationship, as they do not involve plaintiff's duties or hours of work and instead concern plaintiff's alleged failure to disclose information. The evidence concerning these claims would presumably include plaintiff's job application or resume, testimony concerning the same, whether Ressler asked plaintiff about his personal history, Ressler's reliance on plaintiff's statements or omissions, and its claimed damages, but not plaintiff's hours of work or pay. Cf. Williams v. Long, 558 F.Supp.2d 601, 603, 606 (D. Md. 2008) (holding no supplemental jurisdiction existed in FLSA case over defendant's counterclaims based on plaintiff's alleged false representations with respect to her background and experience).

As a result, the Court concludes that supplemental jurisdiction does not exist over Ressler's fraud counterclaim to the extent it is based on plaintiff's alleged concealment and omission of personal information (paragraphs a. through g. of Count 1 of the Counterclaim), and these aspects of the counterclaim must be dismissed for lack of subject matter jurisdiction.

### 2. Malicious Prosecution Counterclaim

Plaintiff argues that supplemental jurisdiction does not exist over Ressler's malicious prosecution fraud counterclaim because it does not share a common nucleus of operative fact with the FLSA claim and the only common factual basis of the claims is the employer-employee relationship. As discussed above, plaintiff's FLSA overtime claim concerns whether Ressler failed

---

over the counterclaims did not exist. Id. at *4. The facts of the instant case are much closer to those in Ahle, Rogers and Lombardi, discussed above, than to Morris.

to pay him overtime pay, and the relevant evidence concerns whether plaintiff is a non-exempt employee, his duties, how he was compensated, hours of work and rate of pay. In contrast, plaintiff asserts that the malicious prosecution counterclaim is based in state tort law and involves issues of whether plaintiff maliciously prosecuted his FLSA case.

Ressler's malicious prosecution counterclaim does not share a common nucleus of operative fact with plaintiff's FLSA overtime claim. The counterclaim is based on an act – plaintiff's filing of the instant FLSA suit – that is entirely separate from facts concerning plaintiff's work hours, duties and pay. The lack of common facts between the FLSA claim and the counterclaim is demonstrated by an examination of the elements of a malicious prosecution claim under Missouri law:

> (1) [C]ommencement of an earlier suit against the party; (2) instigation of that suit by the adverse party; (3) termination of the suit in the party's favor, (4) lack of probable cause for filing the suit; (5) malice by the adverse party in initiating the suit; and (6) damage sustained by the party as a result of the suit.

State ex rel. O'Basuyi v. Vincent, 2014 WL 2866356 at *2, __ S.W.3d __ (Mo. 2014) (en banc) (cited case omitted). Ressler would be required to establish facts to prove each of these elements, which are distinct from the facts relevant to the FLSA claim in this case.

As a result, the Court concludes that supplemental jurisdiction does not exist over Ressler's malicious prosecution counterclaim, and it must be dismissed for lack of subject matter jurisdiction.

**B. Motion to Dismiss for Failure to Plead Fraud with Particularity**

Because the Court concludes that supplemental jurisdiction exists over a portion of Ressler's fraud counterclaim, it turns to plaintiff's next argument, that the fraud counterclaim fails to comply with the heightened pleading standard of Rule 9(b), Fed. R. Civ. P.

9

*1. Motion to Dismiss Standard*

On a motion to dismiss, the Court accepts as true the factual allegations contained in the counterclaim and grants the pleader the benefit of all reasonable inferences that can be drawn from those allegations. See Lustgraaf v. Behrens, 619 F.3d 867, 872-73 (8th Cir. 2010). "To survive a motion to dismiss, a [counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

*2. Discussion*

Plaintiff argues that Ressler's fraud counterclaim should be dismissed because it fails to meet the heightened pleading standard of Rule 9(b), Fed. R. Civ. P., which requires a party to "state with particularity the circumstances constituting fraud." Pl.'s Mem. Supp. Mot. Dismiss at 7 (quoting Freitas v. Wells Fargo Home Mortgage, 703 F.3d 436, 438 (8th Cir. 2013)). Plaintiff asserts that the fraud counterclaim states only generalized conclusions that he intentionally concealed facts about certain subjects and made "other false representations" about expense reimbursements and his hours without specifying the "who, what, when, where and how" of the alleged omissions and misrepresentations. Ressler responds that its fraud claim adequately pleads the "who, what, when, where and how" of plaintiff's fraud, and that Rule 9(b) must be interpreted in light of Rule 8, Fed. R. Civ. P., which merely requires a short and plain statement of the claim. Def.'s Mem. Opp at 3-4. Ressler contends that the information plaintiff seeks is a matter of discovery, not a matter of pleading.

Ressler is incorrect. As plaintiff asserts, Rule 9(b) establishes a heightened pleading standard for fraud claims. The Eighth Circuit has explained what a party pleading a fraud claim must allege:

> A plaintiff who makes allegations based on fraud must state with particularity the circumstances constituting the fraud; although malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. Fed. R. Civ. P. 9(b); Summerhill v. Terminix, Inc., 637 F.3d 877, 880 (8th Cir. 2011). . . . The level of particularity required depends on the nature of a case. BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007). However, "[c]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Id. (citation omitted). Instead, the complaint must set forth the "who, what, when, where, and how" surrounding the alleged fraud. United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006).

E-Shops Corp. v. U.S. Bank Nat'l Ass'n, 678 F.3d 659, 663 (8th Cir. 2012). A state law fraudulent misrepresentation claim, as asserted here, must "comply with the heightened pleading standards of Rule 9(b), which require plaintiffs to plead 'the circumstances constituting fraud . . . with particularity.' Fed. R. Civ. P. 9(b)." BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007). "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Id. (quoted case omitted).

The Eighth Circuit has instructed that Rules 8 and 9 are to be construed "in harmony." BJC Health Sys., 478 F.3d at 917. This means that although Rule 9(b) requires particular allegations of fraud, notice pleading still applies, such that the allegations should be "simple, concise and direct." See Rule 8(e)(1). Rule 9(b) requires a "higher degree of notice," however, including specific allegations of the circumstances constituting fraud, such as "the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." Abels, 259 F.3d at 920 (quoted case omitted).

Here, Ressler's fraud counterclaim does not meet the heightened pleading standard. Ressler alleges in a conclusory and generalized manner that plaintiff (1) concealed that he spent time on his personal affairs while purporting to be working for Ressler, (2) falsified his work schedule and time expended on Ressler's behalf, (3) concealed that he falsified his expense reimbursement report to obtain payment for personal expenses in addition to business-related expenses, and (4) falsified his records of hours expended and falsified the time he spent in Ressler's service each day. The counterclaim contains no specific fact allegations concerning the time, place or contents of the false representations or concealments, or what plaintiff obtained as a result, and therefore fails to allege with particularity the circumstances constituting the fraud. Cf. United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006) (affirming dismissal of False Claims Act complaint for failure to comply with Rule 9(b); detailing the kinds of particular circumstances constituting the alleged fraudulent conduct that were missing from plaintiff's complaint). Plaintiff's motion to dismiss the remainder of Ressler's fraud counterclaim for failure to comply with Rule 9(b) should therefore be granted.

Because the counterclaims are subject to dismissal as set forth above, the Court does not reach plaintiff's motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P.

**C. Motion to Strike Defendant's Affirmative Defenses**

Plaintiff also moves to strike Ressler's affirmative defenses 28 through 32 on the basis that they are legally insufficient and cannot succeed. Plaintiff argues that affirmative defenses 28 through 31 mirror the same allegations of fraudulent misrepresentation that should be dismissed for lack of subject matter jurisdiction and failure to plead with particularity. Plaintiff asserts that an "affirmative defense is insufficient when it mirrors and is dependent upon a deficient counterclaim," Pl.'s Mot. to Strike at 13-14, but cites no legal authority to support this proposition.

Plaintiff states that while Ressler characterizes affirmative defenses 29 through 32 as "set-offs," these defenses are the same as its deficient fraud counterclaim, and also asserts that "[c]ourts often disallow set-offs in FLSA cases," citing Brennan v. Heard, 491 F.2d 1, 4 (5th Cir. 1974), rev'd on other grounds by McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988); and Martin v. PepsiAmericas, Inc., 628 F.3d 738, 743 (5th Cir. 2010). Finally, plaintiff argues that affirmative defense 32, which alleges that plaintiff made false and material misrepresentations about his training and education and seeks a setoff, is "simply a new claim for fraud and is insufficient like the other allegations for the same reasons." Pl.'s Mem. Supp. Mot. Dismiss at 14.

Ressler responds that if it has been damaged by plaintiff's conduct it is entitled to reduce plaintiff's claims by its damages, but fails to cite any supporting legal authority. Def.'s Mem. Opp. at 5.[3] In reply, plaintiff repeats its assertion that setoffs are disallowed in FLSA cases, citing the Fifth Circuit's Brennan and Martin decisions, and asserts that "[t]o allow extraneous set-off claims, unrelated to pay for the employee's labor, clutters FLSA proceedings and is antithetical to [the] purpose of the FLSA." Pl.'s Reply at 12. Plaintiff also asserts for the first time in its Reply that Ressler's affirmative defenses are not pleaded with the required particularity, as Rule 9(b) applies to affirmative defenses as well as to claims, citing Strauss v. Centennial Precious Metals, Inc., 291 F.R.D. 338 (D. Neb. 2013).

---

[3]Ressler also states in its opposition that "[i]f there are deficiencies in the counterclaim or affirmative defenses failing to assert a right to set-off, then Defendant should be granted leave to file amended pleadings to correct those deficiencies, rather than to allow Plaintiff to have them all stricken." This request is denied. Ressler did not submit a motion for leave to amend and proffer a proposed amended answer and counterclaim, or even articulate the substance of the proposed amendments. See In re 2007 Novastar Financial, Inc., Secs. Litig., 579 F.3d 878, 884-85 (8th Cir. 2009) (district court properly denied leave to amend complaint under similar circumstances).

13

*1. Legal Standard*

Under Rule 12(f) of the Federal Rules, a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P. Motions to strike are not favored and are infrequently granted, because they are an "extreme measure" and propose a drastic remedy. Stanbury Law Firm, P.A. v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the court. Id.

Plaintiff's belated argument that Ressler's affirmative defenses must meet the heightened pleading standard of Rule 9(b) will not be considered, as it was raised in plaintiff's reply memorandum and thus Ressler did not have the opportunity to respond to it. See Nebraska Plastics, Inc. v. Holland Colors Americas, Inc., 408 F.3d 410, 421 n.5 (8th Cir. 2005). If the Court were to consider the argument, it would reject it.

The Eighth Circuit has not addressed whether affirmative defenses must meet the same pleading requirements as claims. A leading federal practice treatise argues that a more lenient standard is properly applied to affirmative defenses: "[A]ffirmative defense pleading should not be subject to the same 'plausibility' standard applicable in pleading a claim for relief. For pleading affirmative defenses, Rule 8 requires only that a party 'affirmatively state' any avoidance or affirmative defense." 2 James Wm. Moore, et al., Moore's Federal Practice § 8.08[1] (3d ed. 2014) (quoting Rule 8(c), Fed. R. Civ. P.). As a result, "Under Rule 8, the pleader of an affirmative defense need only 'state' the defense, but need not 'show' anything in order to survive a motion to strike." Id. This Court has adopted that approach. See Fleishour v. Stewart Title Guar. Co., 640 F.Supp.2d 1088, 1090 (E. D. Mo. 2009) (Under Rule 8(c), a defendant "is required to plead only affirmative defenses, not evidence or facts."); see also Certain Underwriters at Lloyd's, London

Subscribing to Cert. No. IPSI 12559 v. SSDD, LLC, 2013 WL 6801821, at *8 (E.D. Mo. Dec. 23, 2013) (same); Fluid Control Prods., Inc. v. Aeromotive, Inc., 2010 WL 427765, at *3 (E.D. Mo. Feb. 1, 2010) (same).[4]

"As with material in a complaint, the movant must make a strong showing to succeed in striking an affirmative defense. It should be stricken only when it is insufficient on the face of the pleadings." 2 Moore's Federal Practice § 12.37[4]. Motions to strike affirmative defenses "should not be granted 'unless, as a matter of law, the defense cannot succeed under any circumstances.'" Champion Bank v. Regional Dev., LLC, 2009 WL 1351122, at *4 (E.D. Mo. May 13, 2009) (quoting FDIC v. Coble, 720 F. Supp. 748, 750 (E.D. Mo. 1989)). In determining a motion to strike, the Court "must view the pleadings in the light most favorable to the pleader." Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc., 2008 WL 2817106, at *2 (E. D. Mo. July 21, 2008) (quoted case omitted). It should refrain from deciding new or close questions of law on a motion to strike due to the risk of offering an advisory opinion. Id. (citation omitted). Finally, a motion to strike should be denied unless the moving party shows it is "prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." Id. (citations omitted).

　　2. *Discussion*

As a threshold matter, plaintiff has not shown that the Eighth Circuit, or any district court in this Circuit, has adopted the Fifth Circuit's rule barring the assertion of any form of setoff in FLSA cases. In the absence of such a showing, the Court declines plaintiff's invitation to do so in this case.

---

[4]The Court recognizes that some other judges in this district have held that the pleading standards articulated in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), apply to affirmative defenses.

The Court now turns to an examination of Ressler's affirmative defenses. Affirmative defense 28 asserts that plaintiff's claims are based on fraud because plaintiff (a) falsified his records of hours expended; (b) falsified the time he actually spent each day in Ressler's service, and (c) falsified services he claims to have performed on behalf of [Ressler]. Affirmative defense 29 assets that Ressler is entitled to a setoff against plaintiff's claim "on account of the damage caused to [Ressler] arising out of the Plaintiff's fraudulent conduct set forth above."

Ressler's allegations in affirmative defense 28 are similar to the portions of its fraud counterclaim over which the Court has subject matter jurisdiction. Because the "plausibility" pleading standard is not applicable to affirmative defenses, this defense is not legally insufficient. It is also not immaterial. As discussed above, to determine whether plaintiff is entitled to recover overtime wages, and to calculate the total value of his claim, the number of hours that plaintiff worked for Ressler must be established. See Ahle, 641 F.Supp.2d at 863. Plaintiff's motion to strike this defense will be denied.

In affirmative defense 29, Ressler asserts that it seeks a "set-off" based on the alleged fraudulent conduct listed in defense 28. It is useful to clarify the meaning of the term "setoff," which is defined as a "defendant's counterdemand against the plaintiff, arising out of a transaction independent of the plaintiff's claim." Black's Law Dictionary 1376 (7th ed. 1999). "Setoff" does not accurately describe affirmative defenses 28 and 29, because Ressler does not assert a counterdemand against plaintiff arising from an independent transaction. Instead, Ressler contends that plaintiff did not work all of the hours he claims he did and thus cannot establish all of the overtime damages he claims. Despite Ressler's misuse of the term setoff, plaintiff has not shown that this defense is legally insufficient or immaterial, that he is prejudiced by its inclusion, or that its inclusion confuses the issues.

Affirmative defense 30 asserts that plaintiff concealed certain personal information from Ressler about his alleged criminal record and physical disability. This defense mirrors the allegations of Ressler's fraud counterclaim over which the Court concluded subject matter jurisdiction does not exist. As a result, this defense is legally insufficient and immaterial, plaintiff would be prejudiced by its inclusion in this case, and it will be stricken.

Affirmative defense 31 asserts that Ressler is entitled to a "set-off" against plaintiff's claims for its damages arising from plaintiff's use of "fraud, misrepresentation and concealment of material facts by which Plaintiff continued his employment with [Ressler] with the intent to cause damage to [Ressler] by taking unjustified compensation[.]" The defense lists nine specific instances of alleged fraud, including that plaintiff (a) spent time on his personal affairs during regular business hours while purporting to be acting on Ressler's behalf, (b) falsified his expense reimbursement reports to fraudulently obtain payment for his personal expenses in addition to business-related expenses, and (c) falsified his work schedule and time expended on Ressler's behalf. The other six instances allege that plaintiff concealed personal information concerning his alleged criminal record and physical disability.

Affirmative defense 31 is duplicative of defenses 28 and 30, except as to the allegation concerning fraudulent expense reimbursements.[5] The Court concluded it had subject matter jurisdiction over Ressler's fraud counterclaim to the extent it alleged plaintiff submitted fraudulent expense reimbursements, see discussion *supra* § II.A.i. at 7, so this aspect of the affirmative defense

---

[5]As discussed above with respect to affirmative defense 29, affirmative defense 31 does not assert a true setoff, because it does not assert a counterdemand by Ressler against plaintiff arising from an independent transaction.

17

is not legally insufficient or immaterial and will not be stricken. The remaining allegations of affirmative defense 31 will be stricken as duplicative.

Finally, affirmative defense 32 alleges that plaintiff made intentionally false representations about his training and education, and that Ressler is entitled to a setoff against his FLSA claim for its damages arising out of these misrepresentations, because plaintiff was not able to provide proper consulting and service to Ressler's customers. This affirmative defense does allege a setoff that arises from a matter independent of plaintiff's FLSA claim for payment for his labor. The Court would not have subject matter jurisdiction over a counterclaim based on the allegations of affirmative defense 32, because these allegations are not sufficiently related to plaintiff's FLSA claim to "form part of the same case or controversy" under 28 U.S.C. § 1367(a). See discussion *supra* § II.A.i. at 8; Williams, 558 F.Supp.2d at 603, 606 (no supplemental jurisdiction existed in FLSA case over defendant's counterclaims based on plaintiff's alleged false representations with respect to her background and experience). As a result, affirmative defense 32 is legally insufficient and immaterial and will be stricken.

### III. Conclusion

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over Ressler's malicious prosecution counterclaim and its fraud counterclaim to the extent it is based on allegations that plaintiff concealed personal background information; and that the Court has subject matter jurisdiction over Ressler's fraud counterclaim to the extent it is based on allegations that plaintiff falsified the hours he worked for defendant and concealed that he falsified his expense reimbursements.

The Court further concludes that plaintiff's motion to dismiss the remaining portions of Ressler's fraud counterclaim for failure to meet the heightened pleading standard of Rule 9(b), Fed.

R. Civ. P., should be granted. As a result, the Court does not address plaintiff's alternative motion to dismiss Ressler's counterclaims for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed. R. Civ. P.

Finally, plaintiff's motion to strike Ressler's affirmative defenses 28 through 32 should be granted in part and denied in part as set forth above.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P., is **GRANTED in part** and **DENIED in part**; the motion is **GRANTED** as to (1) defendant's malicious prosecution counterclaim, and (2) its fraud counterclaim to the extent it is based on allegations that plaintiff concealed personal background information; the motion is **DENIED** as to defendant's fraud counterclaim to the extent it is based on allegations that plaintiff falsified the hours he worked for defendant and falsified his expense reimbursements. [Doc. 11]

**IT IS FURTHER ORDERED** that plaintiff's Motion to Dismiss for failure to meet the heightened pleading requirement of Rule 9(b), Fed. R. Civ. P., is **GRANTED** as to the portions of Ressler's fraud counterclaim over which the Court has subject matter jurisdiction. [Doc. 11]

**IT IS FURTHER ORDERED** that plaintiff's Motion to Strike defendant's affirmative defenses 28 through 32 is **GRANTED in part** and **DENIED in part**; the motion is **GRANTED** as to affirmative defenses 30, 31 (except to the extent it alleges fraudulent expense reimbursements), and 32; and **DENIED** as to affirmative defenses 28, 29, and 31 (to the extent it alleges fraudulent expense reimbursements). [Doc. 11]

An appropriate Order of Partial Dismissal will accompany this Memorandum and Order.

                                                               **CHARLES A. SHAW**
                                                               **UNITED STATES DISTRICT JUDGE**

Dated this  22nd  day of August, 2014.