UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM HERBST, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:13-CV-2327 CAS |
| RESSLER & ASSOCIATES, INC. | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER APPROVING SETTLEMENT**

Plaintiff William Herbst and Defendant Ressler & Associates, Inc. have filed a joint motion requesting that the Court approve their settlement agreement. The case was brought under § 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and, as a result, any settlement must be approved by the Court.[1] *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). In support of the motion, the parties detail their assertions that (1) this matter involves a bona fide dispute with several legal and factual disputes, and (2) arm's-length negotiation resulted in a settlement of all claims on terms that are fair, reasonable and adequate. The parties also submitted a settlement agreement, which was filed under seal because it contains confidential information. Because the Court finds that the settlement is fair and equitable to all parties, it will approve the settlement agreement.

A district court may only approve a settlement agreement in a case brought under § 216(b) of the FLSA after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Lynn's Food Stores,* 679 F.2d at 1353; *Fry*

---

[1] Plaintiff also brought state law claims for unpaid overtime under Missouri's minimum wage law.

*v. Accent Marketing Servs., L.L.C .,* 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014); *Moore v. Ackerman Investment Co.,* 2009 WL 2848858, at *2 (N.D. Iowa Sept. 1, 2009).

This settlement is the product of contested litigation. The Plaintiff in this action has brought suit against his former employer to recover alleged unpaid overtime wages under the FLSA. The Defendant employer denied Plaintiff's claims and asserted numerous affirmative defenses to Plaintiff's Complaint. After substantial discovery, including depositions, the parties were ordered to mediate the dispute and shortly after the parties engaged in mediation, the parties notified the Court of settlement.

To determine whether the settlement is fair and reasonable under the FLSA, courts routinely consider the same fairness factors typically applied to a Rule 23 class action. *Fry,* 2014 WL 294421, at *1; *Moore,* 2009 WL 2848858, at *2. Among the factors a court may consider are the stage of the litigation, the amount of discovery exchanged, the experience of counsel, and the reasonableness of the settlement amount based on the probability of plaintiffs' success with respect to any potential recovery. *Fry,* 2014 WL 294421, at *1. Here, the Plaintiff and Defendant agreed to the settlement only after completion of significant discovery, including depositions of the Plaintiff and various personnel of Defendant and just prior to the Court's deadline for filing dispositive motions. They assert they have reached a settlement after recognizing the existence of significant disputed legal and factual issues regarding the Plaintiff's claims that make the outcome of litigation uncertain. The parties represent to the Court that the settlement agreement is the product of arm's-length negotiations and constitute a fair, reasonable and adequate settlement of all of the Plaintiff's claims based on the merits of his case, weighed against the terms of the settlement, and the complexity, expense and uncertain outcome of continued litigation. Each party was represented by competent counsel during settlement negotiations and throughout the

pendency of this case. The parties have developed their cases enough to know the potential recovery and the relative risks of proceeding to trial with their claims and defenses. The Court finds no basis to doubt that the settlement is fair and reasonable to all parties.

The requested attorneys' fees in this case are also reasonable. It is well established that "[t]he starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rat[e]." *Fish v. St. Cloud State Univ.,* 295 F.3d 849, 851 (8th Cir. 2002). Plaintiff's attorney in this case has undertaken significant effort required to obtain the settlement agreement reached by the parties, including but not limited to investigating and researching the claims before filing suit; preparing suit papers; reviewing and analyzing documents produced by the defendants, including but not limited to pay and time records for Plaintiff; researching issues related to Defendant's defenses; conducting calculations to compute the amount of claimed damages; and preparing papers to finalize the settlement and petition the Court for their approval. The amount of attorneys' fees requested by Plaintiff's counsel is not opposed by Defendant and is reasonable based on the amount of time and effort expended on this case.

Finally, the parties filed their settlement agreement under seal. Although the Court generally discourages the filing or retention of documents under seal, in this case when the substantial benefits of the settlement is balanced against the harm of sealing the documents from public view, the Court concludes that the interests of justice weigh in favor of approving the parties' settlement agreement and allowing them to remain filed under seal.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion for Approval of Settlement Agreement of FLSA Claim is **GRANTED.** [Doc. 40]

3

An appropriate Order of Dismissal will accompany this Memorandum and Order Approving Settlement.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  21st  day of May, 2015.